**GRINNELL MUTUAL REINSURANCE COMPANY, Respondent (C3–99–1169),**

v.

**CITY OF COKATO, Appellant,**

and

**Bridget Haas, Plaintiff (C7–99–1238),**

v.

**Jean Leslie Chambers, defendant and third-party plaintiff, Respondent,**

v.

**County of Beltrami, third-party defendant, Appellant.**

Nos. C3–99–1169, C7–99–1238.

Court of Appeals of Minnesota.

Dec. 28, 1999.

Leon R. Erstad, Jon K. Iverson, Erstad & Riemer, P.A., Minneapolis, MN (for appellant City of Cokato).

Charles R. Powell, Robert M. Light, Powell, Powell & Light, Bemidji, MN (for respondent Jean Leslie Chambers).

Peter D. Bergstrom, Thomas P. Carlson, Bergstrom, Carlson & Soldo, St. Paul, MN (for appellant Beltrami County).

Lois McCarron, Association of Minnesota Counties, St. Paul, MN (for amicus curiae Association of Minnesota Counties).

Carla J. Heyl, League of Minnesota Cities, St. Paul, MN (for amicus curiae League of Minnesota Cities).

Considered and decided by G. BARRY ANDERSON, Presiding Judge, HALBROOKS, Judge, and MULALLY, Judge.

## OPINION

EDWARD D. MULALLY, Judge.*

This is a consolidation of two appeals. The city and county appeal from summary judgment in which the district court ruled that, under Minn.Stat. § 466.07, they were required to indemnify their employees for claims resulting from work-related automobile accidents that were covered by the employees' private insurance. The city and county contend that the liability coverage on the employees' personal automobile insurance was primary.

## FACTS

### Haas v. Chambers v. County of Beltrami

On January 4, 1995, Bridget Haas was injured in a car accident while riding as a passenger in a car owned and operated by respondent Jean Chambers. At the time of the accident, Chambers was employed by appellant County of Beltrami as a home health aide. The accident occurred when Chambers's car collided with another vehicle as Haas and Chambers were traveling from one client's home to another client's home.

Paul A. Rajkowski, Lotte R. Hansen, Rajkowski, Hansmeier, Ltd., St. Cloud, MN (for respondent Grinnell Mutual Reinsurance Company).

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

Haas brought an action in negligence against Chambers; Chambers brought a third-party action against respondent Beltrami County for indemnification. A settlement agreement was reached between Haas and Chambers, with Chambers's insurance provider agreeing to pay the settlement amount, but retaining all rights to pursue the third-party action against Beltrami County. Summary judgment was entered for Chambers against Beltrami County, requiring Beltrami County to indemnify the loss that had been covered by Chamber's private insurance provider.

## Grinnell Mutual Reinsurance Co. v. City of Cokato

On October 6, 1995, David Fitzsimmons was injured in a car accident with David Nyquist. At the time of the accident, Nyquist was driving his car on an emergency call as part of his duties as a volunteer emergency medical technician for appellant City of Cokato.

Fitzsimmons brought an action in negligence against Nyquist. Respondent Grinnell Mutual Reinsurance Company defended Nyquist. After settling the case within the policy limits, Grinnell brought suit against the City of Cokato seeking indemnification. Summary judgment was entered for Grinnell, requiring the City of Cokato to indemnify the loss.

The County of Beltrami and the City of Cokato appeal.

## ISSUE

Does Minn.Stat. § 466.07 require municipalities to indemnify employees for losses covered by an employee's private insurance?

## ANALYSIS

■ The issue raised in these appeals is whether respondents are entitled to in-

demnification from their municipalities under Minn.Stat. § 466.07. The construction of a statute is clearly a question of law and thus fully reviewable by an appellate court. *Hibbing Educ. Ass'n v. Public Employment Relations Bd.*, 369 N.W.2d 527, 529 (Minn.1985).

■ A principal may have an obligation to indemnify its agent under certain situations. *Kellen v. Mathias*, 519 N.W.2d 218, 223 (Minn.App.1994). Under Minn.Stat. § 466.07, subd. 1 (1998), a municipality [1] is required to "defend and indemnify any of its officers and employees" for damages arising when the officer or employee was acting in the performance of the duties of the position and was not guilty of malfeasance in office, willful neglect of duty, or bad faith.

In *Brandt v. State*, 428 N.W.2d 412 (Minn.App.1988), this court considered a similar issue involving the state's indemnity statute.[2] *Id.* at 418. Under the state's indemnity statute, this court found that when a state employee's private insurance coverage shields the employee from personal loss there is no right to state indemnification. *Id.* This court stated:

> If the legislature had sought to provide state employees with indemnification rights for losses covered by private insurance it could have easily drafted section 3.736, subd. 9 to permit indemnification for judgments incurred by or on behalf of state employees. Its failure to do so leads us to conclude that section 3.736, subd. 9 was designed to allow indemnification only for losses incurred in excess of the employee's private insurance.

*Id.*

In this case, respondents argue that indemnification is justified because the mu-

1. The definition of municipality includes any city or county. Minn.Stat. § 466.01, subd. 1 (1998).

2. Minn.Stat. § 3.736, subd. 9 (1998), requires the state to defend and indemnify any employ-

ee of the state for damages incurred by an employee in connection with a tort claim "arising out of an alleged act or omission" that occurred while the employee "was acting within the scope of employment."

nicipality indemnity requirements are different from the state indemnity provisions. This argument is addressed in the municipality immunity statute, which excludes a municipality employee's claim if the same claim would be excluded for a state employee. *See* Minn.Stat. § 466.03, subd. 15 (1998) (municipality is immune from liability if same claim excluded under section 3.736). Based on this statutory provision and our holding in *Brandt*, the district court's interpretation of the indemnification statute was error, and must be reversed.

 The other issues raised by the County of Beltrami go to whether: (1) Chambers was acting within the scope of her employment at the time of the accident; and (2) Chambers's failure to provide notice within the 180 days set forth in the statute's notice provision require dismissal.[3] Given our reversal on the issue of municipality indemnity, we need not decide these issues.

### DECISION

Respondents are not entitled to indemnification from their municipalities under Minn.Stat. § 466.07.

**Reversed.**

---

**3.** The notice requirement of Minn.Stat. § 466.03 (1998) does not prevent the municipality from being required to indemnify its employee. *See Nisbet v. Hennepin County,* 548 N.W.2d 314, 320–21 (Minn.App.1996) (requiring prejudice to municipality before tort liability action may be dismissed under the notice requirement).