**FIRST CLASS VALET SERVICES, LLC, Appellant,**

v.

**Raleigh GLEASON, Respondent.**

**A16-1242**

Court of Appeals of Minnesota.

Filed March 20, 2017

John G. Westrick, Westrick & McDowall-Nix, PLLP, St. Paul, Minnesota (for appellant).

Mark J. Karon, University Student Legal Service, Minneapolis, Minnesota (for respondent).

Considered and decided by Hooten, Presiding Judge; Reilly, Judge; and Smith, Tracy M., Judge.

## OPINION

HOOTEN, Judge

Appellant employer challenges the dismissal of its claim resulting from respondent employee's alleged negligent performance of his duties, arguing that the district court erred in interpreting Minn. Stat. § 181.970 to preclude such claim. We affirm.

## FACTS

Appellant First Class Valet Services, LLC alleges the following facts in its complaint. In early January 2015, First Class hired respondent Raleigh Gleason as a parking valet. Later that month, Gleason negligently caused approximately $4,820 in damage to a car. First Class reimbursed the owner. Six days later, Gleason negligently caused approximately $7,931 in

damage to a second car. First Class again reimbursed the owner.

In September 2015, First Class brought a negligence action against Gleason to recover the amounts it paid to reimburse the two car owners. Gleason moved to dismiss under Minn. R. Civ. P. 12.02(e) for failure to state a claim upon which relief may be granted, arguing that Minn. Stat. § 181.970 shields him from all liability for the damages. The district court granted Gleason's motion. First Class appeals.

## ISSUES

Does Minn. Stat. § 181.970 bar First Class' negligence claim against Gleason for amounts paid to indemnify Gleason from third-party claims?

## ANALYSIS

First Class argues that the district court erred by dismissing its negligence claim. We review de novo a district court's rule 12 dismissal. *Baker v. Best Buy Stores, LP,* 812 N.W.2d 177, 180 (Minn.App.2012), *review denied* (Minn. Apr. 25, 2012).For purposes of this review, "[w]e consider only those facts alleged in the complaint, accepting those facts as true and construing all reasonable inferences in favor of the non-moving party." *Id.*

The district court concluded that First Class' claim is barred by Minn. Stat. § 181.970. Accordingly, First Class' challenge requires us to interpret the scope of section 181.970. "Statutory construction is a question of law, which this court reviews de novo." *Indep. Sch. Dist. No. 404 v. Castor,* 670 N.W.2d 758, 762 (Minn.App. 2003). Our first task in statutory interpretation is to determine "whether the statute's language, on its face, is ambiguous." *Am. Tower, L.P. v. City of Grant,* 636 N.W.2d 309, 312 (Minn.2001). In the absence of ambiguity, "statutory construction is neither necessary nor permitted and

courts apply the statute's plain meaning." *Id.*

█ Minn. Stat. § 181.970 provides, in relevant part:

Subdivision 1. Indemnification required. An employer shall defend and indemnify its employee for civil damages, penalties, or fines claimed or levied against the employee, provided that the employee:

(1) was acting in the performance of the duties of the employee's position;

(2) was not guilty of intentional misconduct, willful neglect of the duties of the employee's position, or bad faith; and

(3) has not been indemnified by another person for the same damages, penalties, or fines.

Subd. 2. Exception. Subdivision 1 does not apply to:

. . . .

(4) indemnification rights for a particular liability specifically governed by other law.

Subject to certain exceptions not applicable here, this statute obligates every employer to indemnify its employees from civil damages resulting from an employee's negligence if the employee caused the damage while acting within the scope of his or her employment. First Class concedes that it has a duty under section 181.970 to indemnify Gleason for claims brought by the owners of the damaged cars, and it is undisputed that First Class did in fact indemnify Gleason.

█ First Class asserts that, once it has indemnified Gleason for civil damages owed to the car owners, the statute does not prevent it from seeking "[w]hat ... is akin to its own indemnification" from Gleason. In support of its position, First Class correctly observes that before section

181.970 was enacted in 1993, an action of this type was allowed at common law. *See, e.g., Schneider v. Buckman,* 433 N.W.2d 98, 102 (Minn.1988) ("[I]t is ... well settled that an employer is entitled to recover from the employee damages which the employer was compelled to pay because of the employee's negligence.").

■ Courts presume that statutes are consistent with the common law, and "if a statute abrogates the common law, the abrogation must be by express wording or necessary implication." *Brekke v. THM Biomedical, Inc.,* 683 N.W.2d 771, 776 (Minn.2004) (quotation omitted). It is true that section 181.970 does not explicitly abrogate this common law rule. However, we read section 181.970 to abrogate the rule by necessary implication.

By choosing the term of art "indemnify," we assume the legislature "intends to use the accepted definition of that term of art." *State v. Cannady,* 727 N.W.2d 403, 407 (Minn.2007). The term "indemnify" means to "hold harmless." *Black's Law Dictionary* 886 (10th ed. 2014). "Hold harmless," in turn, means to "absolve (another party) from *any responsibility* for damage or other liability arising from the transaction." *Id.* at 848(emphasis added).

■ Indemnity is a legal concept "by which a tortfeasor 'passes through' his or her *entire liability* to a third party." 42 C.J.S. *Indemnity* § 1 (2007) (emphasis added). "Indemnity shifts the *entire loss* from one tortfeasor who has been compelled to pay it to the shoulders of another who should bear it instead." *Hanson v. Bailey,* 249 Minn. 495, 505, 83 N.W.2d 252, 260 (1957) (emphasis added). By employing the term "indemnify," the legislature cre-

ated an arrangement in which the employer must pay the employee's entire liability, not an arrangement in which the employer must pay the employee's liability only to later impose the liability on the employee.[1]

■ Moreover, the interpretation that First Class advocates would necessarily result in an unreasonable outcome. When interpreting a statute, we avoid interpretations that create unreasonable results. *See* Minn. Stat. § 645.17 (2016) (providing that courts should assume legislature does not intend results that are unreasonable). Section 181.970 provides that an employer "shall defend and indemnify its employee for civil damages" without regard to the source of those damages. Because the source of damages is not limited, in a subsequent negligence action against the employee, the employer would collect damages from the employee, only to then indemnify the employee for the same liability. This kind of circular obligation defeats the operation of indemnity. *Cf. Kronzer v. First Nat'l Bank of Minneapolis,* 305 Minn. 415, 429, 235 N.W.2d 187, 195–96 (1975) (affirming dismissal of claim as fruitless where indemnity agreements would require plaintiff to indemnify defendant against plaintiff's negligence action).

To escape what would otherwise be an endless cycle of circular obligations, First Class argues that the common law that existed prior to section 181.970 is revived by section 181.970, subdivision 2(4), which exempts "indemnification rights for a particular liability specifically governed by other law." We disagree. We believe this catch-all provision excludes specific obligations independently addressed by the legislature, such as liabilities arising from

---

1. If the legislature had intended to create such a relationship, it could have instead used the term of art "subrogation," which creates a relationship where "a surety who has paid a debt ... may proceed against the debtor as the creditor would." *Black's Law Dictionary* 1654 (10th ed. 2014).

the I-35W bridge collapse. *See* Minn. Stat. §§ 3.7391–.7395 (2016).

As the district court noted in rejecting this argument by First Class, applying this "other law" exception to a second-stage indemnification between an employer and an employee would "eviscerate the clearly articulated and broad duty to defend and indemnify created by the legislature." In practical effect, allowing First Class to recoup amounts it paid to meet its duty to indemnify Gleason under section 181.970 would allow First Class to avoid its duty to indemnify altogether and render the statute ineffective. We decline to interpret the "other law" exception in such a manner as to allow this catch-all provision to broadly negate the indemnification duty created by section 181.970. *See* Minn. Stat. § 645.17 (providing that courts should presume legislature intends entire statute to be effective).

## DECISION

The district court did not err by dismissing First Class' negligence claims for damages incurred as a result of Gleason's performance of his duties as an employee.

**Affirmed.**