# STATE OF MINNESOTA
# IN COURT OF APPEALS
# A23-0495

Kristin M. Schantzen, et al.,
Plaintiffs,

vs.

Charlotte Erdmann,
Appellant,

Valley Chiropractic Clinic, Ltd.,
Respondent.

**Filed March 18, 2024**
**Affirmed**
**Wheelock, Judge**

Washington County District Court
File No. 82-CV-21-726

Joseph A. Nilan, Daniel A. Ellerbrock, Jacob T. Merkel, Gregerson, Rosow, Johnson & Nilan, Ltd., Minneapolis, Minnesota (for appellant)

William L. Davidson, Stuart D. Campbell, Thomas D. Jensen, Lind, Jensen, Sullivan & Peterson, P.A., Minneapolis, Minnesota (for respondent)

Rachel B. Beauchamp, Cousineau Malone, P.A., Minnetonka, Minnesota (for amicus curiae Associated Bodywork & Massage Professionals and American Massage Council)

Considered and decided by Wheelock, Presiding Judge; Smith, Tracy M., Judge; and Bratvold, Judge.

## SYLLABUS

1. A claim for indemnification by an employee of a Minnesota corporation is governed by Minn. Stat. § 302A.521 (2022). Minn. Stat. § 181.970 (2022) does not apply to such a claim.

2.     A person who has been indemnified by their individual liability insurer is not entitled to indemnification under Minn. Stat. § 302A.521, subd. 2, because an insurance company is an "organization" for purposes of Minn. Stat. § 302A.521, subd. 2(a)(1), which requires that the person seeking indemnification "has not been indemnified by another organization."

## OPINION

**WHEELOCK**, Judge

Plaintiffs sued appellant employee and respondent employer for medical malpractice and negligence.  Appellant and respondent filed cross-claims seeking indemnification from one another for any judgment or settlement that might arise out of plaintiffs' claims; appellant sought statutory indemnification, and respondent sought common-law indemnification.  Later, appellant and respondent entered into separate settlement agreements with plaintiffs, which were paid by their respective insurers.  Each then moved for summary judgment on their indemnification cross-claim.  The district court denied appellant's motion for summary judgment on her cross-claim for statutory indemnification because her insurer had paid for her settlement.  The district court granted respondent's motion for summary judgment on its cross-claim for common-law indemnification, rejecting appellant's argument that common-law indemnification has been abrogated.  We affirm.

## FACTS

Appellant Charlotte Erdmann worked as a massage therapist for respondent Valley Chiropractic Clinic Ltd.  Plaintiffs Kristin M. Schantzen and her husband brought

2

medical-malpractice and negligence claims against Erdmann and the clinic, alleging that Erdmann had injured Schantzen's neck while performing a therapeutic massage. The parties' respective professional liability insurers have defended them throughout the litigation.[1]

During the litigation, Erdmann and the clinic each filed cross-claims for indemnification from the other. Before the district court addressed those claims, the clinic and Erdmann each settled with plaintiffs in separate settlement agreements. The clinic settled plaintiffs' claims against it for $250,000, which the clinic's insurer paid. Erdmann settled plaintiffs' claims against her for $1.6 million, which her insurer paid after the clinic denied her demand for indemnification.

Thereafter, the parties filed motions for summary judgment on their cross-claims for indemnification. In support of her cross-claim, Erdmann asserted that she was entitled to indemnification under Minn. Stat. § 302A.521, subd. 2(a), which is the indemnification provision of the Minnesota Business Corporation Act (MBCA), Minn. Stat. §§ 302A.001-.92 (2022). In the alternative, Erdmann asserted that she was entitled to indemnification under Minn. Stat. § 181.970, a provision that provides for indemnification of employees not governed by the MBCA or other specified statutory schemes. The clinic responded, arguing that Minn. Stat. § 302A.521, subd. 2(a), did not govern Erdmann's claim because she was not a corporate decisionmaker and that Erdmann was not entitled to

---

[1] The insurers are not parties to this action but are litigating a coverage dispute in federal court. *See NCMIC Ins. Co. v. Allied Pros. Ins. Co.*, No. 22-CV-2018 (PJS/DTS), 2023 WL 6282743 (D. Minn. Sept. 26, 2023).

indemnification under either statute because she had already been indemnified by her insurer.

In support of its cross-claim, the clinic argued that it was entitled to common-law indemnification from Erdmann. Erdmann responded, arguing that an employer's common-law right of indemnification from an employee was abrogated by Minn. Stat. § 181.970 and citing this court's decision in *First Class Valet Services, LLC v. Gleason*, 892 N.W.2d 848, 851 (Minn. App. 2017).

The district court denied summary judgment on Erdmann's cross-claim, granted summary judgment on the clinic's cross-claim, and ordered Erdmann to indemnify the clinic for its $250,000 settlement.

Erdmann appeals.

## ISSUES

I. **Did the district court err by denying summary judgment to Erdmann on her cross-claim for statutory indemnification against the clinic?**

II. **Did the district court err by granting summary judgment to the clinic on its cross-claim for common-law indemnification against Erdmann?**

## ANALYSIS

"We review a district court's summary judgment decision de novo. In doing so, we determine whether the district court properly applied the law and whether there are genuine issues of material fact that preclude summary judgment." *Riverview Muir Doran, LLC v. JADT Dev. Grp., LLC*, 790 N.W.2d 167, 170 (Minn. 2010) (citation omitted). Summary judgment is appropriate when "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Minn. R. Civ. P. 56.01.

4

The issues raised by Erdmann on appeal require us to interpret statutes. "When construing a statute, our goal is to ascertain and effectuate the intention of the legislature." *Am. Fam. Ins. Grp. v. Schroedl*, 616 N.W.2d 273, 278 (Minn. 2000). We look first to whether the statute's language is clear or ambiguous. *Id.* at 277. When the language is clear, we construe the statute according to its plain language, and we will not disregard the letter of the law "under the pretext of pursuing the spirit." Minn. Stat. § 645.16 (2022); *see also State v. Holl*, 966 N.W.2d 803, 808 (Minn. 2021). But when a statute's language is subject to more than one reasonable interpretation, it is ambiguous, and we apply canons of construction to determine its meaning. *Holl*, 966 N.W.2d at 808.

To determine whether a statute's language is clear or ambiguous, we construe words and phrases according to their plain and ordinary meaning and read words in the context of the statute as a whole. *Minn. Voters All. v. County of Ramsey*, 971 N.W.2d 269, 279 (Minn. 2022); *Christianson v. Henke*, 831 N.W.2d 532, 536-37 (Minn. 2013). "Every law shall be construed, if possible, to give effect to all its provisions." Minn. Stat. § 645.16.

## I.    The district court did not err by denying summary judgment to Erdmann on her cross-claim for indemnification against the clinic.

Erdmann first asserts that the district court erred by denying her motion for summary judgment on her indemnification cross-claim that sought to recover from the clinic the $1.6 million settlement amount paid by Erdmann's insurer. Erdmann argues that (1) Minn. Stat. § 302A.521 governs her claim and (2) she is entitled to indemnification under the statute. We address these arguments in turn.

**A. Minnesota Statutes section 302A.521 governs Erdmann's indemnification claim against the clinic.**

The first issue in this appeal is which of two employee-indemnification statutes governs Erdmann's cross-claim—Minn. Stat. § 181.970 or Minn. Stat. § 302A.521.[2] Section 181.970 provides that "[a]n employer shall defend and indemnify its employee for civil damages, penalties, or fines claimed or levied against the employee" if certain requirements are met. Minn. Stat. § 181.970, subd. 1. But section 181.970 does not apply to "employees and employers who are governed by . . . section 302A.521." *Id.*, subd. 2(3).[3] Section 302A.521 provides that "a corporation shall indemnify a person made or threatened to be made a party to a proceeding by reason of the former or present official capacity of the person" if certain requirements are met. Minn. Stat. § 302A.521, subd. 2(a).

Erdmann argues that her indemnification claim is governed by section 302A.521 because the clinic is a Minnesota corporation and the statute provides for indemnification of any employee of a corporation. The clinic counters that section 302A.521 does not apply because that statute was "plainly designed to provide indemnification when corporate officers, directors, shareholders, and employees are thrust into litigation in the form of

---

[2] This is a threshold issue because the prerequisites for indemnification under the statutes are similar but not identical. *Compare* Minn. Stat. § 181.970, subd. 1, *with* Minn. Stat. § 302A.521, subd. 2.

[3] Section 181.970 also does not apply to employee-indemnification claims governed by the State Tort Claims Act, the Municipal Tort Claims Act, the Minnesota Nonprofit Corporation Act, or the Minnesota Revised Uniform Limited Liability Company Act. Minn. Stat. § 181.970, subd. 2(1) (providing an exception for "employees of the state or a municipality governed by section 3.736 or 466.07"), (3) (providing an exception for "employees and employers who are governed by indemnification provisions under section 302A.521, 317A.521, or 322C.0408").

6

shareholder derivative litigation, minority shareholder litigation, and similar claims brought against the corporation's decision-makers." And the clinic further reasons that, because Erdmann was made party to the personal-injury lawsuit for alleged negligence in giving a massage, which does not involve corporate decision-making, she was not sued in her "official capacity." On this first issue, we agree with Erdmann.

Section 302A.521 provides that "a corporation shall indemnify a person made or threatened to be made a party to a proceeding by reason of the former or present official capacity of the person." Minn. Stat. § 302A.521, subd. 2(a). And the statute defines "official capacity," in relevant part, as follows:

> (1) with respect to a director, the position of director in a corporation, (2) with respect to a person other than a director, the elective or appointive office or position held by an officer, member of a committee of the board, or *the employment relationship undertaken by an employee of the corporation*[.]

*Id.*, subd. 1(c)(1)-(2) (emphasis added). This definition lists employees separately from directors, officers, and members of committees of the board of directors and includes a specific definition for "official capacity" as it applies to employees who do not hold any of those three positions and who are related to the corporation only through the employment relationship. Thus, we conclude that the plain language of section 302A.521 requires a Minnesota corporation to indemnify an employee sued by reason of their employment relationship if other requirements for indemnification are met.

Our conclusion is reinforced by other parts of Minn. Stat. § 302A.521 that also refer to employees. For example, the statute specifies that "[n]othing in this section shall be construed to limit the power of the corporation to indemnify persons other than a director,

7

officer, *employee*, or member of a committee of the board of the corporation by contract or otherwise." *Id.*, subd. 9 (emphasis added). By negative implication, this language indicates that the corporation is required to indemnify persons who are directors, officers, employees, or members of a committee of the board.

The statute also includes the word "employee" in its definition of "special legal counsel," which it defines because, under certain circumstances, special legal counsel must be involved in the determination whether a person qualifies for indemnification. *See id.*, subd. 6(a)(3). In relevant part, the statute defines "special legal counsel" as "counsel who has not in the preceding five years . . . represented a director, officer, member of a committee of the board, or *employee*, whose indemnification is in issue." *Id.*, subd. 1(e) (emphasis added). Again, the statute lists employees separately from persons who hold other positions within the corporation.

Finally, the statute provides separate procedures for determining indemnification rights of persons who are not directors, officers, or others with management authority. Section 302A.521, subdivision 6, governs the internal procedures a corporation must follow to determine whether a person is eligible for indemnification. This provision outlines two separate procedures, the first of which governs when the person seeking indemnification is a "director, officer, or person possessing, directly or indirectly, the power to direct or cause the direction of the management or policies of the corporation." *Id.*, subd. 6(a). The second procedure governs when the person's position or authority does not meet that definition, *see id.*, subd. 6(b), which plainly defeats the clinic's assertion that only "corporate decision-makers" may seek indemnification under section 302A.521.

8

In sum, we conclude that there is only one reasonable interpretation of Minn. Stat. § 302A.521: that it applies to indemnification claims by all employees of Minnesota corporations who are sued by reason of their employment relationship, regardless of their title or role at the corporation.[4] Because the statute is unambiguous, further construction is neither necessary nor permitted, *State v. Jesmer*, 196 N.W.2d 924, 924 (Minn. 1972), and we do not reach the parties' arguments regarding public policy and legislative purpose. Minn. Stat. § 302A.521 governs Erdmann's indemnification claim because she was made party to this action by reason of her employment relationship with the clinic. And, because section 302A.521 governs Erdmann's indemnification claim, section 181.970 does not apply. *See* Minn. Stat. 181.970, subd. 2(3).

---

[4] We note that our interpretation of section 302A.521 is consistent with our previous interpretation of a similar indemnification statute. In *Rudebeck v. Paulson*, an employee of Ford Motor Company sought indemnification from Ford under Delaware law for a sexual-harassment claim brought against him by another employee. 612 N.W.2d 450, 452-53 (Minn. App. 2000), *rev. denied* (Minn. Sept. 13, 2000). The Delaware statute provided for mandatory indemnification of a person who is made party to an action "by reason of the fact that he is or was a director, officer, employee, or agent of the corporation," Del. Code Ann. tit. 8, § 145(a) (1991), "against claims of personal liability that arise from or have a nexus to his corporate position," *Rudebeck*, 612 N.W.2d at 455 (quotation omitted). The employer argued that the employee was not sued "by reason of the fact" that he was an employee because the sexual-harassment claim did not "arise from or have a sufficient nexus to his duties as area manager." *Id.* We rejected this argument because "[t]hese expressions of human nature are incidents inseparable from working together. They involve risks of injury, and these risks are inherent in the working environment." *Id.* at 456 (quotation omitted). Similarly, the personal-injury lawsuit against Erdmann arose from a risk inseparable from and inherent in her work as a massage therapist for the clinic: the risk of injuring a client while performing a massage.

**B.    Erdmann is not entitled to indemnification under section 302A.521 because she was indemnified by another organization, her insurer.**

Having determined that section 302A.521 governs Erdmann's claim, we turn to the analysis of whether Erdmann has satisfied the requirements for indemnification under the statute. The only requirement at issue in this case is the requirement that,

> with respect to the acts or omissions of the person complained of in the proceeding, the person . . . has not been indemnified by another organization or employee benefit plan for the same judgments, penalties, fines, including, without limitation, excise taxes assessed against the person with respect to an employee benefit plan, settlements, and reasonable expenses, including attorneys' fees and disbursements, incurred by the person in connection with the proceeding with respect to the same acts or omissions[.]

Minn. Stat. § 302A.521, subd. 2(a)(1). Erdmann argues that she has satisfied this requirement—that she has not been indemnified by another organization—because her insurer is not an "organization" within the meaning of the statute. The clinic counters that Erdmann's insurer is an "organization" because it meets the definition provided in the MBCA's general definitions section, Minn. Stat. § 302A.011. The MBCA defines an "organization" as "a general partnership, including a limited liability partnership, limited partnership, including a limited liability limited partnership, limited liability company, business trust, corporation, or any other person having a governing statute. The term includes a domestic or foreign organization regardless of whether organized for profit." Minn. Stat. § 302A.011, subd. 19.

The MBCA's definitions section provides that "[f]or purposes of this chapter, unless the language or context clearly indicates that a different meaning is intended, the words,

10

terms, and phrases defined in this section have the meanings given them." *Id.*, subd. 1.

Because "organization" is defined in section 302A.011, that definition will apply unless

the language and context of section 302A.521 clearly indicate that a different meaning of

"organization" applies to that section.

Erdmann argues that the definition provided in section 302A.011 does not apply to

section 302A.521, subdivision 2(a)(1), because the language and context of

section 302A.521 supports a narrower construction of the term "organization."

Specifically, Erdmann asks us to interpret "another organization or employee benefit plan"

under Minn. Stat. § 302A.521, subd. 2(a)(1), in the same way that phrase is used in the

third prong of the indemnification statute's definition of "official capacity." Under that

prong, "official capacity" means:

> with respect to a director, officer, or employee of the
> corporation who, while a director, officer, or employee of the
> corporation, is or was serving at the request of the corporation
> or whose duties in that position involve or involved service as
> a director, officer, partner, trustee, governor, manager,
> employee, or agent of *another organization or employee
> benefit plan*, the position of that person as a director, officer,
> partner, trustee, governor, manager, employee, or agent, as the
> case may be, of *the other organization or employee benefit
> plan*.

Minn. Stat. § 302A.521, subd. 1(c)(3) (emphases added). In simpler terms, the third prong

of the definition of "official capacity" provides for the situation in which a person is

employed by or serves the corporation and another organization or employee benefit plan

simultaneously. *See id.* Erdmann argues that because section 302A.521,

subdivision 2(a)(1), uses the exact same phrase—"another organization or employee

11

benefit plan"—the meaning from the definition of "official capacity" should apply in the context of the "has not been indemnified" requirement. In effect, Erdmann's position is that the "has not been indemnified" requirement applies only to persons simultaneously serving the corporation and another organization. Applying that interpretation, she argues that her insurer is not an "organization" under section 302A.521, subdivision 2(a)(1), because her employment with the clinic did not involve "service" to the insurer. As such, she argues, she satisfied the first element of the indemnification statute. We disagree.

We conclude that section 302A.521, subdivision 1(c)(3)'s use of the phrase, "another organization or employee benefit plan," does not demonstrate a clear intent to modify the meaning of "organization" in subdivision 2. Subdivision 1 does not provide a definition for "organization." *Id.* If the legislature intended a different meaning, it would have made that intent clear. The legislature modified the definition of "corporation" for purposes of section 302A.521, a term that also appears several times in the general definitions section. Minn. Stat. §§ 302A.521, subd. 1(b), .011, subds. 6a, 7, 8, 12, 32, 40, 67. The legislature could have modified the definition of "organization" in section 302A.521, subdivision 1, but it did not.

The language of three other elements of the indemnification statute demonstrates the legislature's ability to specify when and how those elements apply under different circumstances. First, section 302A.521, subdivision 2(a)(5), which lays out the standard of conduct a person must meet in order to be entitled to indemnification, explicitly differentiates the applicable standard of conduct for persons who fall under subdivision 1(c)(1) and (2), as opposed to subdivision 1(c)(3). Subdivision 5 specifies that

12

persons who serve only the corporation under subdivision 1(c)(1) and (2) must prove that they "reasonably believed that the[ir] conduct was in the best interests of the corporation," while persons serving the corporation and another organization must prove that they "reasonably believed that the conduct was not opposed to the best interests of the corporation."

Second, subdivision 2(a)(3) and (4) contains explicit carve-outs explaining when those elements do and do not apply. Subdivision 2(a)(3) provides that, "if applicable," a person must prove certain facts related to conflicts of interest. *See* Minn. Stat. §§ 302A.521, subd. 2(a)(3); .255. And subdivision 2(a)(4) applies only "in the case of a criminal proceeding." Minn. Stat. § 302A.521, subd. 2(a)(4). If the legislature intended the "has not been indemnified" requirement to apply only to persons acting in their official capacity as defined in section 302A.521, subdivision 1(c)(3), it would have included explicit language demonstrating that intent.

We thus conclude that the unambiguous language and context of the indemnification statute does not clearly indicate a different meaning of "organization" for purposes of the "has not been indemnified" requirement. As such, the definition provided in section 302A.011, subdivision 19, applies. That definition includes corporations, and because Erdmann's insurer is a corporation, it is an "organization" within the meaning of the statute.

This interpretation finds further support in our caselaw interpreting other employee-indemnification statutes. In *Brandt v. State*, we held that indemnification under the State Tort Claims Act's indemnification provision, Minn. Stat. § 3.736, subd. 9 (1988),

13

was unavailable when the employee had already been indemnified by their personal automobile-insurance company, even though the statute did not contain an express requirement that the employee had not been indemnified by another organization or person. 428 N.W.2d 412, 418-19 (Minn. App. 1988). We reasoned that the statutory language requiring indemnification only for judgments "actually and reasonably incurred by [a state] employee" indicated that the statute required indemnification only for personal losses—not losses incurred by an employee's personal liability insurer. *Id.* at 418. Further, we explained that

> [i]f the legislature had sought to provide state employees with indemnification rights for losses covered by private insurance it could have easily drafted section 3.736, subd. 9 to permit indemnification for judgments incurred by or on behalf of state employees. Its failure to do so leads us to conclude that section 3.736, subd. 9 was designed to allow indemnification only for losses incurred in excess of the employee's private insurance.

*Id.* Following *Brandt*, in *Grinnell Mutual Reinsurance Co. v. City of Cokato*, we held that the same was true under the Municipal Tort Claims Act, Minn. Stat. § 466.07, subd. 1 (1998). 603 N.W.2d 665, 667-68 (Minn. App. 1999).

In sum, because Erdmann was indemnified by another organization—her insurer—we affirm the district court's denial of summary judgment on her cross-claim for statutory indemnification under section 302A.521.[5]

---

[5] Because we conclude that Erdmann is not entitled to indemnification because she was indemnified by another organization within the meaning of Minn. Stat. § 302A.521, subd. 2(a)(1), we need not reach the clinic's alternative argument that Erdmann did not "incur" the settlement within the meaning of the statute.

**II.** **The district court did not err when it granted the clinic's cross-claim for common-law indemnification against Erdmann.**

Erdmann argues that the district court erred when it granted the clinic's cross-claim for common-law indemnification, through which the clinic sought to recover from Erdmann the $250,000 settlement amount paid by its insurer. Erdmann argues that an employer's common-law right of indemnification from an employee has been abrogated, citing this court's decision in *First Class*, 892 N.W.2d 848. The clinic argues that Minnesota's indemnification statutes do not wholly abrogate employer-indemnification claims; rather, it argues, employer claims are abrogated only to the extent a circular obligation is present. On this second issue, we agree with the clinic.

At common law, it was "well settled that an employer [was] entitled to recover from the employee damages which the employer was compelled to pay because of the employee's negligence." *Schneider v. Buckman*, 433 N.W.2d 98, 102 (Minn. 1988) (citing *Lunderberg v. Bierman*, 63 N.W.2d 355 (Minn. 1954)). In *First Class*, we held that section 181.970 abrogated an employer's common-law right of indemnification by necessary implication because coexisting rights to indemnification would create a "circular obligation [that] defeats the operation of indemnity." 892 N.W.2d at 851. Although Erdmann's claim is not governed by section 181.970, the reasoning in *First Class* applies equally to claims governed by section 302A.521.

"[W]e presume that statutes are consistent with the common law, and do not presume that the Legislature intends to abrogate or modify a common law rule except to the extent expressly declared or clearly indicated in the statute." *Staab v. Diocese of St.*

15

*Cloud*, 813 N.W.2d 68, 73 (Minn. 2012) (citations omitted). Thus, employer-indemnification claims are abrogated only to the extent necessary to avoid the unreasonable result we addressed in *First Class*. In effect, *First Class* created an affirmative defense to employer-indemnification claims—an employee may defeat an employer's claim by establishing the employee's right to indemnification.[6] To do so, the employee must establish that the elements of the applicable indemnification statute are satisfied.

With this framework in mind, we turn to whether Erdmann has satisfied the elements of section 302A.521, subdivision 2, for purposes of her defense to the clinic's indemnification claim. If Erdmann can demonstrate entitlement to statutory indemnification for the clinic's settlement, a circuity of obligation will exist that supports a determination that the clinic's common-law indemnification right is abrogated.

On this issue, the parties dispute only whether Erdmann satisfied her burden on the statutory requirement that she has not been indemnified by another organization. Erdmann argues that the district court erred by granting summary judgment because, to the extent the district court based its decision on a determination that Erdmann's insurer will pay the

---

[6] Although not binding on this court, federal cases have reached the same conclusion. *Dochniak v. Dominium Mgmt. Servs., Inc.*, No. CIV. 06-237 JRT/FLN, 2008 WL 906798, at *4 (D. Minn. Apr. 1, 2008) ("[A]n employee who is sued for negligence by her employer may successfully defend such a claim merely by establishing her right to mandatory indemnity, . . . rather than by litigating negligence on the merits."); *see also Carlsen v. Green Thumb, Inc.*, No. CIV. 01-2076JRTRLE, 2004 WL 234406, at *8 (D. Minn. Feb. 4, 2004) (determining that the Minnesota Nonprofit Corporation Act "does not immunize plaintiff from this lawsuit, or from liability, because whether plaintiff acted in good faith, and whether she reasonably believed her conduct was in the best interest of the corporation are fact intensive questions that cannot be determined on this record").

16

clinic's settlement, there was no evidence in the record supporting that conclusion. She argues that the relevant question under section 302A.521, subdivision 2(a)(1), is whether the employee has *already* been indemnified, not whether the employee *will be* indemnified in the future. And if the determination depends on insurance coverage, this would require the district court to make a coverage determination, which neither party asked the district court to do. The clinic asserts that Erdmann's primary argument conflates "indemnified" with "paid" and that Erdmann waived her argument regarding insurance coverage because she did not raise it in the district court.

The parties' arguments require us to interpret the meaning of the phrase "has not been indemnified" in section 302A.521, subdivision 2(a)(1). The MBCA does not define that phrase or the terms "indemnified" or "indemnify," *see* Minn. Stat. §§ 302A.011, .521, and therefore, we look to a dictionary for their plain meaning, *see State v. Thonesavanh*, 904 N.W.2d 432, 436 (Minn. 2017). The definition of "indemnify" includes "[t]o promise to reimburse (another) for . . . a loss suffered because of a third party's or one's own act or default." *Black's Law Dictionary* 918 (11th ed. 2019). "An insurance policy is fundamentally an indemnification agreement," and the duty to indemnify "arises under the terms of an agreement, which governs the extent of the duty." *Id.* at 638 (defining "duty to indemnify"). Thus, whether Erdmann's insurer indemnified her depends on whether it "promise[d] to reimburse" her for the clinic's settlement under the insurance policy, which requires interpretation of the policy.

As the nonmoving party on summary judgment, Erdmann bore the "burden of alleging specific facts supporting [her] affirmative defenses." *Kessel v. Kessel*, 370 N.W.2d

17

889, 895 (Minn. App. 1985); *see also DLH, Inc. v. Russ*, 566 N.W.2d 60, 71 (Minn. 1997) (stating that "when the nonmoving party bears the burden of proof on an element essential to the nonmoving party's case, the nonmoving party must make a showing sufficient to establish that essential element"). To demonstrate her entitlement to statutory indemnification—and thereby show a circuity of obligation—Erdmann needed to produce evidence that her insurer had not indemnified her. *See* Minn. Stat. § 302A.521, subd. 2(a)(1). Erdmann has not asserted that her insurance policy will not cover the clinic's settlement, and a coverage dispute between the insurers is pending in district court. *See NCMIC Ins. Co.*, 2023 WL 6282743. On the record before the district court in this matter, and with coverage issues outstanding, we see no evidence to support the existence of a circuity of obligation like in *First Class*. Thus, there is no basis to conclude that the clinic's common-law indemnification right is abrogated. We therefore conclude that the district court did not err by granting summary judgment to the clinic on its cross-claim for indemnification.

## DECISION

Because Erdmann has been indemnified by her insurer for her settlement with plaintiffs, Erdmann is not entitled to statutory indemnification from the clinic. And because Erdmann failed to satisfy her burden to show that she has not been indemnified by another organization for the clinic's settlement, the clinic is entitled to common-law indemnification from Erdmann.

**Affirmed.**